Steve J. Fitzpatrick, Esq.
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
Liberty Center, Ste. 302
9 Third Street North
Great Falls, MT 59401
Telephone: 406.403.0041
Fax: 406.453.1634
stevef@bkbh.com

Attorneys for RM1239 Transportation, Inc., Manish Kapoor, and Sandy Kapoor

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| FSW INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RM1239 TRANSPORTATION, INC. and MANISH KAPOOR,<br><br>　　　　　Defendants. | Case No. CV-22-52-GF-JTJ<br><br>**FIRST AMENDED ANSWER TO COMPLAINT BY DEFENDANTS RM 1239 TRANSPORTATION, INC. AND MANISH KAPOOR, COUNTERCLAIM BY RM1239 TRANSPORTATION, INC., AND DEMAND FOR JURY TRIAL** |

Defendants RM1239 Transportation, Inc. and Manish Kapoor (hereinafter "Defendants"), through their counsel of record, submit the following First Amended Answer to Plaintiff FSW, Inc.'s Complaint and allege as follows:

1. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 1.

2. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 2.

3. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 3.

4. Answering paragraph 4, Defendants admit RM1239 Transportation, Inc. is a California corporation with its principal place of business in Irvine, California. Defendants deny the remaining allegations of paragraph 4.

5. Defendants admit the allegations of paragraph 5.

6. Answering paragraph 6, Defendants admit Manish Kapoor is a citizen and resident of the State of California and the sole shareholder of stock of RM1239 Transportation, Inc. Defendants deny the remaining allegations of paragraph 6.

7. Answering paragraph 7, Defendants admit Sandy Kapoor is a citizen and resident of the State of California. Defendants deny the remaining allegations of paragraph 7.

8. Defendants deny the allegations of paragraph 8.

9. Defendants deny the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10.

11. Answering paragraph 11, Defendants admit RM1239 Transportation, Inc. paid Plaintiff $75,000 via a cashier's check for ten vehicles. Defendants deny the remaining allegations of paragraph 11.

12. Defendants deny the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13.

14. Defendants deny the allegations of paragraph 14.

15. Defendants deny the allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

17. Defendants deny the allegations of paragraph 17.

18. Answering paragraph 18, Defendants assert Exhibit A speaks for itself. Defendants deny the remaining allegations of paragraph 18.

19. Answering paragraph 19, Defendants assert Exhibit B speaks for itself. Defendants deny the remaining allegations of paragraph 19.

20. Answering paragraph 20, Defendants assert Exhibit C speaks for itself. Defendants deny the remaining allegations of paragraph 20.

21. Answering paragraph 21, Defendants assert Exhibit C speaks for itself. Defendants deny the remaining allegations of paragraph 21.

22. Answering paragraph 22, Defendants assert Exhibit C speaks for itself. Defendants deny the remaining allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants deny the allegations of paragraph 27.

28. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 28.

29. Answering paragraph 29, Defendants reassert all of their responses to paragraphs 1-28.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

36. Answering paragraph 36, Defendants admit Plaintiff has sent correspondence to Defendants. Defendants deny the remaining allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 39.

40. Answering paragraph 40, Defendants reassert all of their responses to paragraphs 1-39.

41. Defendants deny the allegations of paragraph 41.

42. Defendants deny the allegations of paragraph 42.

43. Defendants deny the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. Defendants deny the allegations of paragraph 47.

48. Defendants deny the allegations of paragraph 48.

49. Answering paragraph 49, Defendants reassert all of their responses to paragraphs 1-48.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

53. Answering paragraph 53, Defendants reassert all of their responses to paragraphs 1-52.

54. Defendants deny the allegations of paragraph 54.

55. Defendants deny the allegations of paragraph 55.

56. Defendants deny the allegations of paragraph 56.

57. Defendants deny the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

59. Defendants deny the allegations of paragraph 59.

60. Answering paragraph 60, Defendants reassert all of their responses to paragraphs 1-59.

61. Defendants deny the allegations of paragraph 61.

62. Defendants deny the allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

64. Any allegations not specifically admitted or qualified are denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent the negligence of Plaintiff caused or contributed to the injuries or damages alleged, any recovery is barred or diminished in accordance with the Montana law of comparative negligence.

## THIRD AFFIRAMTIVE DEFENSE

To the extent Plaintiff failed to minimize its damages, its claims must be offset and/or barred.

## FOURTH AFFIRMATIVE DEFENSE

Any injuries or damages were caused wholly or in part by the conduct of other persons, entities, or parties for whom Defendants are not liable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of a lack or failure of consideration.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead fraud in accordance with the requirements of Fed.R.Civ.P. 9.

## NINTH AFFIRMATIVE DEFENSE

To the extent any other persons or entities including any settled or released parties caused or contributed to the injury or damage alleged, any recovery is barred or diminished in proportion to the amount of fault attributable to other persons or entities.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff has received any payments from a collateral source, that recovery must be reduced pursuant to § 27-1-308, MCA.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the corporate shield doctrine, the business judgment rule, § 35-14-622, MCA, § 35-14-830, MCA, § 35-14-831, MCA, and/or § 35-14-842, MCA.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff engaged in actual and constructive fraud.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of frauds.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages is subject to limitations arising under the U.S. Constitution, Montana Constitution, and § 27-1-220, MCA.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff breached the contract for the sale of vehicles.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of mutual mistake.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of impossibility.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because there was no offer and acceptance or a lack of formation of a contract.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the terms of the contract are unconscionable.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred against Manish Kapoor because the Court lacks personal jurisdiction over Manish Kapoor.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because a condition precedent necessary for the formation of a contract failed to occur.

### RESERVATION OF DEFENSES

Defendants reserve the right to amend the Answer to add any additional affirmative defenses that become known through the course of discovery. Defendants have asserted the foregoing affirmative defenses based upon information and belief that they are or may be applicable to the present claim being presented by the Plaintiff.  In the event the affirmative defenses are not legally or

factually warranted, any such inapplicable affirmative defenses will be voluntarily withdrawn at the close of discovery. Likewise, any additional affirmative defenses which become known through the course of discovery will be asserted.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff's Complaint be dismissed;

2. That Plaintiff take nothing by way of its Complaint;

3. For attorney fees if provided by statute, contract, or law;

4. For costs and expenses incurred; and

5. For such further relief as the Court deems just and proper.

## COUNTERCLAIM BY RM TRANSPORTATION, INC.

1. Counterclaim Plaintiff RM1239 Transportation, Inc. is a California corporation with its principal place of business in Irvine, California.

2. Counterclaim Defendant FSW, Inc. is a Montana corporation with its principal place of business in Great Falls, Montana.

3. The District Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Great Falls Division because the acts and conduct occurred in Cascade County, Montana.

5. On or around December 29, 2020, Counterclaim Plaintiff entered into a contract with FedEx Ground System, Inc. to deliver packages in northern Montana.

6.     On or around December 4, 2020, in order to procure trucks to provide services to FedEx Ground System, Inc., Counterclaim Plaintiff proposed to purchase ten trucks from Counterclaim Defendant for the amount of $75,000. Counterclaim Defendant accepted the offer and on or around December 29, 2020 Counterclaim Plaintiff paid Counterclaim Defendant for the trucks.  Counterclaim Plaintiff obtained possession of the trucks and subsequently licensed them in its name with the Montana Department of Motor Vehicles.

7.     After purchasing the trucks, Counterclaim Plaintiff discovered several of the trucks were not operable and several others required extensive maintenance and repairs.  Prior to obtaining possession of the vehicles, Counterclaim Defendant failed to disclose the actual condition of the vehicles.  Because the trucks were not operable and not properly maintained, Counterclaim Plaintiff had to rent trucks and perform maintenance and repairs in order to fulfill its contractual obligations to FedEx Ground System, Inc.  In addition, because of the inoperable nature of the trucks, Counterclaim Plaintiff has been forced to sell several of the trucks at auction for little to no compensation.

## Count One – Breach of Contract

8.     Counterclaim Plaintiff reincorporates and realleges its allegations to paragraphs 1-7.

9.      Counterclaim Plaintiff entered into a contract to purchase ten trucks from Counterclaim Defendant.  Counterclaim Defendant breached the contract by selling Counterclaim Plaintiff defective and inoperable trucks.

10.     Counterclaim Defendant's breach of contract has caused Counterclaim Plaintiff damages.

## Count Two – Breach of Warranty

11.     Counterclaim Plaintiff reincorporates and realleges its allegations to paragraphs 1-10.

12.     As part of the sale process, Counterclaim Defendant made warranties about the condition of the trucks.  Counterclaim Defendant breached these warranties by selling Counterclaim Plaintiff defective and inoperable trucks.

13.     Counterclaim Defendant's breach of warranty has caused Counterclaim Plaintiff damages.

## Count Three – Breach of Implied Covenant of Good Faith and Fair Dealing

14.     Counterclaim Plaintiff reincorporates and realleges its allegations to paragraphs 1-13.

15.     Under Montana law, every contract contains a covenant of good faith and fair dealing.  The covenant of good faith and fair dealing requires honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.  The nature and extent of the obligations of good faith and fair dealing are

measured by the parties' justifiable expectations. Counterclaim Defendant breached the covenant of good faith and fair dealing by selling Counterclaim Plaintiff defective and inoperable trucks.

16. Counterclaim Defendant's breach of the covenant of good faith and fair dealing has caused Counterclaim Plaintiff damages.

## Count Four – Negligent Misrepresentation

17. Counterclaim Plaintiff reincorporates and realleges its allegations to paragraphs 1-16.

18. Counterclaim Defendant in the course of selling the trucks to Counterclaim Plaintiff misrepresented the condition of the trucks, the misrepresentations were untrue, were made without any reasonable ground for believing the representations to be true, the representations were made with an intent for Counterclaim Plaintiff to rely upon them, and Counterclaim Plaintiff was unaware of falsity of the representations, and justifiably acted in reliance upon the representations when it purchased the trucks.

19. As a consequence of the misrepresentations, Counterclaim Plaintiff sustained damages in an amount to be proven at trial.

## Count Five – Constructive Fraud

20. Counterclaim Plaintiff reincorporates and realleges its allegations to paragraphs 1-19.

21. Counterclaim Defendant breached its duties to Counterclaim Plaintiff and gained an advantage by misleading Counterclaim Plaintiff to its prejudice. Counterclaim Defendant's words and conduct created a false impression concerning matters that were serious and important to Counterclaim Plaintiff.

22. As a consequence of Counterclaim Defendant's conduct, Counterclaim Plaintiff sustained damages in an amount to be proven at trial.

## Count Six – Negligence

23. Counterclaim Plaintiff reincorporates and realleges its allegations to paragraphs 1-22.

24. Counterclaim Defendant owed Counterclaim Plaintiff a duty of reasonable care to disclose the condition of the trucks. Counterclaim Defendant breached this duty.

25. Counterclaim Defendant's conduct has caused Counterclaim Plaintiff damages.

## Prayer for Relief

WHEREFORE, Counterclaim Plaintiff prays for relief as follows:

1. That Counterclaim Plaintiff be awarded all damages suffered by virtue of the wrongful acts of Counterclaim Defendant, as set forth above, in amounts to be proven at trial;

2. For attorney fees, interest, and costs as authorized by law;

3. For punitive damages in an amount to be proven at trial; and

4. For such other further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants RM Transportation, Inc. and Manish Kapoor and Counterclaim Plaintiff RM1249 Transportation, Inc. demand a trial by jury on any issue triable by jury.

DATED this 28th day of December, 2023.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.


By /s/ *Steve J. Fitzpatrick*
    Steve J. Fitzpatrick

Attorneys for RM1239 Transportation, Inc., Manish Kapoor, and Sandy Kapoor

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of December, 2022, a true copy of the foregoing was served:

Via ECF to the following parties:

Nathan J. Hoines
Hoines Law Office, P.C.
P.O. Box 829
Great Falls, MT 59403-0829


Mailed by first-class mail, postage prepaid to the following parties:


        /s/ *Francine Polacek*
       BROWNING, KALECZYC, BERRY & HOVEN, P.C.